# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr10

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Appellee,  )<br>)<br>)<br>vs.  )<br>)<br>)<br>JUNE C. WELCH,  )<br>)<br>Appellant.  )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Appellant's Notice of Appeal [Doc. 2] and the Appellant's Unopposed Motion to Continue Surrender Date [Doc. 3].

## PROCEDURAL BACKGROUND

On April 20, 2011, the Appellant June C. Welch appeared before the Honorable Dennis L. Howell, United States Magistrate Judge, and was found guilty of possessing a fictitious license tag and driving with a suspended license. The Magistrate Judge sentenced the Appellant to a term of imprisonment of 30 days and permitted the Appellant to self-report when notified by the U.S. Marshal. [Judgment in a Criminal Case, Doc. 1].

The Appellant was instructed to report to the United States Courthouse on May 4, 2011 to begin his sentence. The Appellant filed a timely notice of appeal from the Magistrate Judge's Judgment on May 3, 2011. [Doc. 2].

## STANDARD OF REVIEW

The release of a defendant after conviction by a Magistrate Judge of a petty or misdemeanor offense but during the pendancy of an appeal is controlled by "the law relating to release pending appeal from a district court to a court of appeals." Fed.R.Crim.P. 58(g)(3). 18 U.S.C. §3143(b) provides in pertinent part:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds-
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
>
> > (i) reversal,
> > (ii) an order for a new trial, [or]
> > (iii) a sentence that does not include a term of imprisonment[.]

18 U.S.C. §3143(b) (emphasis provided).

## DISCUSSION

The Appellant has shown, and the Government does not dispute, that between the time the violation notice was issued in October 2010 and his mandatory court date in April 2011, he was released without demonstrating any risk of flight or danger to the community. After conviction, the Appellant, who resides in North Carolina, was allowed by the Magistrate Judge to self-report when notified by the United States Marshal. [Doc. 1]. The Court finds that the Appellant is not likely to flee or pose a danger to the safety of any other person or the community if released

There has been no allegation by the Government that the appeal has been taken for the purposes of delay. Although the Appellant has not stated the specific substantial questions of law and/or fact in support of his appeal, the appeal appears to relate to the imposition of a custodial sentence for the offense at issue. Because the Government has agreed that the Appellant should remain released pending appeal, the Court finds it has conceded that a substantial question of law or fact will be raised.

A timely notice of appeal having been filed, the Court will enter a scheduling order for the briefs on appeal. The Court further will stay the

Appellant's sentence of imprisonment pending the resolution of this appeal. See Fed. R. Crim. P. 38(b); Fed. R. Crim. P. 58(g)(3).

The Appellant was represented by court appointed counsel in the proceedings below. The Court will continue that appointment for the purposes of this appeal.

**IT IS, THEREFORE, ORDERED** that the Appellant shall file his brief on appeal on or before thirty (30) days from entry of this Order. The Appellee shall file its brief on or before thirty (30) days from the filing of the Appellant's brief. All such briefs shall not exceed twelve (12) pages in length and shall be in fourteen (14) point type.

**IT IS FURTHER ORDERED** that the Appellant's Unopposed Motion to Continue Surrender Date [Doc. 3] is **ALLOWED**, and execution of the sentence of imprisonment is stayed during the pendency of this appeal.

**IT IS FURTHER ORDERED** that Heather H. Martin of the Federal Defenders of Western North Carolina shall continue in her capacity as appointed counsel for the Appellant during the pendency of this appeal.

Signed: May 3, 2011

Martin Reidinger
United States District Judge