# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Appellee, )<br>)<br>)<br>vs. )<br>)<br>)<br>JUNE C. WELCH, )<br>)<br>Defendant-Appellant. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's appeal from the Judgment entered by the Magistrate Judge on May 2, 2011. For the reasons stated below, the Judgment is affirmed.

## I. PROCEDURAL BACKGROUND

On September 10, 2010, the Defendant received three citations charging him with driving while impaired, driving on a suspended license, and driving a vehicle bearing a fictitious license plate. [Transcript, Doc. 6 at 2, 5-6]. On April 20, 2011, the Defendant appeared before the Honorable Dennis L. Howell, United States Magistrate Judge, for the entry of a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The

Defendant was represented by counsel throughout this proceeding. Upon acceptance of the Defendant's guilty plea, Judge Howell sentenced him to thirty days of imprisonment. [Judgment, Doc. 1]. The Defendant filed a timely notice of appeal on May 2, 2011. [Notice of Appeal, Doc. 2].

## II.   FACTUAL BACKGROUND

On September 10, 2010, United States Park Ranger Jeffrey Duckett was participating in a DUI checkpoint along U.S. Highway 441 where it intersects the Blue Ridge Parkway. [Transcript, Doc. 6 at 5-6]. At approximately 8:03 p.m., Ranger Duckett observed a 1998 GMC truck, which was being driven by the Defendant, traveling south on the Parkway. Before reaching the checkpoint, the Defendant turned around and headed north on the Parkway. [Id. at 6].

Ranger Duckett and a North Carolina Highway Patrol Trooper initiated a traffic stop of the Defendant. A license plate check indicated that the vehicle's tag was issued to a 1998 Isuzu Rodeo. [Id.]. A driver's license check revealed that the Defendant's license had been suspended as a result of prior DUI convictions. [Id.]. Upon questioning, the Defendant admitted that he had drunk one or two beers that evening. [Doc. 1 at 2 (Citation 2714656)]. Ranger Duckett observed that the Defendant's eyes were bloodshot. [Id.]. A

portable breath test indicated that alcohol was present in the Defendant's blood. [Id.]. Subsequent breath samples obtained at the Cherokee Police Department indicated a blood alcohol content of .07. [Id.]. Ranger Duckett cited the Defendant for driving while impaired, driving on a suspended license, and driving a vehicle bearing a fictitious license plate. [Id.].

The Defendant appeared for a Rule 11 hearing before Judge Howell on April 20, 2011. At the commencement of the hearing, counsel for the Government announced that in exchange for the Defendant pleading guilty to the charges of driving on a suspended license and driving a vehicle bearing a fictitious license plate, the Government would dismiss the driving while impaired charge. [Transcript, Doc. 6 at 2].[1] The Court accepted the Defendant's guilty plea to these two citations and called upon the Government to provide a factual basis. [Id. at 5]. The Government called Ranger Duckett, who testified to the facts in support of the driving on a suspended license citation and the driving a vehicle bearing a fictitious license plate citation. [Id. at 5-6]. Additionally, the Government provided the Court with copies of

---

[1] Later in the hearing, the Magistrate Judge advised the Defendant that the Government was also dismissing the driving while impaired charge because the Defendant registered an alcohol concentration of only .07, which is below the legal limit in North Carolina. See N.C. Gen. Stat. § 20-138.1(a)(2). The Defendant indicated that this was his understanding as well. [Transcript, Doc. 6 at 3].

the Defendant's driving record and criminal record. [Id. at 6-7]. Judge Howell found that there was a factual basis for the guilty plea and entered a verdict of guilty. [Id. at 7].

Judge Howell then gave the parties an opportunity to address what an appropriate sentence would be for this Defendant. Counsel for the Defendant argued that the citations were administrative in nature and that a fine of $200 was appropriate. [Id. at 7-8]. The Government also recommended the imposition of a fine, but advised Judge Howell that there was no agreement between the parties as to sentencing. [Id. at 2-3, 8-9]. Counsel for the Defendant stated that this was her understanding of the parties' agreement. [Id. at 3].

Judge Howell stated that after considering the arguments of counsel and the sentencing factors set forth in 18 U.S.C. § 3553, he was not satisfied with a fine. [Id. at 9]. Specifically, Judge Howell cited the Defendant's criminal record, including a 1995 conviction in federal court for committing a sexual act with a minor for which the Defendant served twelve years of imprisonment, as well as three convictions in 1992, 2005 and 2009 for driving while impaired. [Id.]. Judge Howell was particularly troubled by the three prior driving while impaired convictions, the fact that the Defendant's license had been revoked

4

for driving while impaired, and the fact that the Defendant admittedly had been drinking at the time of his arrest. [Id.]. Accordingly, Judge Howell sentenced the Defendant to thirty days of incarceration. [Id. at 10; Judgment, Doc. 1]. The Defendant now appeals, arguing that the sentence imposed is plainly unreasonable.

## III. STANDARD OF REVIEW

A defendant who is sentenced by a magistrate judge is not entitled to *de novo* review by a district court. Fed. R. Crim. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Id. "An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h).

In the present case, the offenses to which the Defendant pled guilty subjected him to a maximum term of imprisonment not to exceed six months. See 36 C.F.R. §1.3(a). As a result, the United States Sentencing Guidelines are not applicable, and the Defendant's sentence is reviewed under a "plainly

5

unreasonable" standard.  See 18 U.S.C. § 3742(a)(4); United States v. Bobadilla, No. 1:08CR31, 2008 WL 2372068, at *2 (W.D.N.C. June 6, 2008).

IV. **ANALYSIS**

In rendering Defendant's sentence, the Magistrate Judge was required to apply the relevant factors set forth in 18 U.S.C. § 3553(a)[2] and "make an *individualized* assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).  "Such

---

[2]Section 3553(a) requires the court to consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed --
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant;
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established for [the offense] ...;
> (5) any pertinent policy statement[s] ...;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

6

individualized treatment is necessary to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." United States v. Gibbs, 424 F. App'x 238, 240 (4th Cir. 2011) (citation omitted).

Moreover, the Magistrate Judge was required to "state in open court" his particular reasons in support of the chosen sentence. See 18 U.S.C. § 3553(c). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 2023 (2007).

In reviewing the Defendant's sentence, the Court first examines whether the Magistrate Judge committed a significant procedural error. United States v. Heath, 559 F.3d 263, 266 (4th Cir.), cert. denied, 130 S.Ct. 122, 175 L.Ed.2d 80 (2009). "Procedural errors include . . . failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 51, 128 S.Ct. at 597). Only if the sentence is

found to be procedurally reasonable does the Court then consider the substantive reasonableness of the sentence imposed. Carter, 564 F.3d at 328.

The Defendant contends that the Magistrate Judge committed three procedural errors. He first contends that the Magistrate Judge committed procedural error by failing to address the arguments of the parties. [Doc. 7 at 4-7]. This argument, however, is without merit. At sentencing, Defendant's counsel argued that the citations were administrative in nature and that a fine, as opposed to a term of imprisonment, would be appropriate. The Government also recommended the imposition of a fine. Judge Howell, however, expressed his dissatisfaction with the sentence proposed by the parties and articulated specific reasons for his dissatisfaction, including the Defendant's prior convictions, the fact that the Defendant's license had been revoked for driving while impaired, and the fact that the Defendant had been drinking when he was arrested. Clearly, the Magistrate Judge "allowed both sides to argue for the sentence that each considered appropriate." Heath, 559 F.3d at 266. After acknowledging and responding to the arguments of counsel, the Magistrate Judge then articulated a reasoned basis for rejecting these arguments and "for exercising his own legal decisionmaking authority."

8

See Rita, 551 U.S. at 356, 127 S.Ct. at 2468. Defendant's contention that the Magistrate Judge failed to consider the arguments of counsel must be rejected.

Next, the Defendant argues that the Magistrate Judge relied on clearly erroneous facts to support Defendant's sentence. Specifically, he argues that the Magistrate Judge had no evidence before him from which he could conclude that the Defendant was drinking when he was arrested. [Doc. 7 at 7]. Contrary to Defendant's argument, however, there was evidence before the Magistrate Judge from which he reasonably could conclude that the Defendant had been drinking at the time of his arrest. Although the citation for driving while impaired was dismissed by the Government, the probable cause stated for the other citations to which the Defendant pled guilty were before the Court and contained evidence that the Defendant had been drinking. The Magistrate Judge properly considered this information in analyzing the nature and circumstances of the offenses to which the Defendant pled. As such, the Court finds no procedural error in this regard.

Finally, the Defendant contends that the Magistrate Judge imposed a sentence that is disproportionate to sentences for similar conduct in other districts. In support of this argument, the Defendant cites a number of other

9

districts that reportedly never or almost never impose a custodial sentence for petty offenses. [Doc. 7 at 7-8]. The Court declines to review the proportionality of the Defendant's sentence. See United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001) ("proportionality review is not available for any sentence less than life imprisonment without the possibility of parole"). Even if the Court were to review the proportionality of Defendant's sentence, the Defendant has failed to cite, and the Court is not aware of, any particular case from these other districts in which a similarly situated defendant was charged with the same offenses and received a significantly lighter sentence.[3] The Court therefore concludes that no error occurred.

Turning now to the second step of the analysis, the Court next considers the substantive reasonableness of the sentence imposed. In so doing, the Court "must take into account the totality of the circumstances." Heath, 559 F.3d at 267 (citation omitted). Here, considering the totality of the circumstances, the Court concludes that the sentenced imposed was substantively reasonable. The Defendant was cited for three driving related offenses, pled guilty to two of those offenses, had multiple prior convictions for driving while impaired, and was driving on a revoked license and after

---

[3] In any event, the Court notes that the sentence imposed by the Magistrate Judge was only one sixth of the maximum authorized by law.

having consumed alcohol.  The Magistrate Judge, upon considering the arguments of counsel and the relevant § 3553(a) factors, conducted an individualized assessment and determined that a non-custodial sentence was insufficient under the circumstances.  The sentence imposed was not plainly unreasonable and is hereby affirmed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Judgment of the Magistrate Judge is hereby **AFFIRMED**, and the Defendant's appeal is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that the Defendant shall be allowed to self-report when notified by the United States Marshal.

The Clerk of Court is **DIRECTED** to provide copies of this Order to counsel for the Defendant, counsel for the Government, and the United States Marshal's Service.

**IT IS SO ORDERED**.

Signed: September 26, 2011

Martin Reidinger
United States District Judge